# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 307-01153 |
| KRISTINA JOY PETERSEN, ) | |
| ) | CHAPTER 13 |
| Debtor. ) | |
| ) | JUDGE KEITH M. LUNDIN |
| ) | |
| KRISTINA JOY PETERSEN, ) | ADV. NO. 307-0110A |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LITTON LOAN SERVICING LP, ) | |
| ) | |
| Defendant. ) | |
| ) | |

_____

## MEMORANDUM OPINION
_____

This matter is before the Court upon the debtor's request for a preliminary injunction enjoining Litton Loan Servicing LP (hereinafter "Litton") from taking any action with respect to property located at 1209 Charlton Drive, Antioch, Tennessee (hereinafter the "Property"), and upon Litton's application for confirmation that no automatic stay went into effect pursuant to 11 U.S.C. § 362(c)(4)(A)(ii).

For the following reasons, which represent the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, the Court finds that the debtor's request for a preliminary injunction should be denied and that Litton's application for confirmation that the automatic stay did not go into effect should be granted.

## I. BACKGROUND

The relevant facts are not in dispute. The debtor filed a Chapter 13 petition on August 15, 2006, and the case was dismissed on November 17, 2006. The debtor filed a second Chapter 13 petition on December 11, 2006, and the case was dismissed on February 26, 2007. The debtor then filed the present case on February 19, 2007. The parties agree that because there have been two cases pending and dismissed within the previous year of the filing of the present case, the automatic stay did not come into effect upon the filing of this case. 11 U.S.C. § 362(c)(4)(A)(i). A foreclosure of the Property is set for Wednesday, April 18, 2007.

## II. ARGUMENT

The debtor asserts that while the automatic stay is not applicable, this does not in and of itself release the estate's interest in the Property, and that the absence of the automatic stay is not analogous to the abandonment of the property.

Litton concedes that the Property is part of the debtor's estate but argues that the automatic stay is the only thing that would have stopped the foreclosure.

## III. DISCUSSION

Pursuant to 11 U.S.C. § 362(c)(4)(A):

(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect.

Based on the clear language of the statute, there can be no question that Litton is entitled to confirmation of no automatic stay being in effect. The debtor has filed two prior cases that were both dismissed within the last year prior to the filing of the present case. However, this does not end the Court's inquiry. The debtor, relying on ***In re Murray***, 350 B.R. 408 (Bankr. S. D. Ohio 2006), asserts that even with the stay not being in effect, the Property is still part of the estate and any actions involving the Property must be commenced exclusively in this Court during the pendency of the case.

Having reviewed the holding in ***In re Murray***, the Court finds that the facts of this case are readily distinguished. In ***In re Murray***, the secured creditor did not appear at the Meeting of Creditors, nor did it object to confirmation. Accordingly, the debtors' plan was confirmed with a provision that the property in question would remain property of the estate.

Prior to the plan being confirmed, the creditor filed a motion requesting confirmation that the automatic stay did not go into effect. However, the motion was not heard until after the order confirming the plan had been entered. The bankruptcy court held that while the automatic stay was not in effect, the creditor was bound by the terms of the confirmed plan. 350 B.R. 408, 418-19. *Compare In re Murphy*, 346 B.R. 79, 83 (Bankr. S.D.N.Y. 2006) ("[i]f a debtor is able to propose and confirm a Chapter 13 plan before a foreclosure sale takes place, the secured creditor may be bound thereby, regardless of whether the stay has terminated"). In contrast, the debtor in the present case has not confirmed her plan. Instead, objections to confirmation are set to be heard on April 23, 2007.

The Court can find no basis for granting injunctive relief. The automatic stay is not in effect pursuant to 11 U.S.C. § 362(c)(4)(A)(i), and the debtor did not file a timely motion to impose the automatic stay pursuant to 11 U.S.C. § 362(c)(4)(B). Moreover, there is no confirmed plan binding Litton to certain treatment of its secured claim.

## IV. CONCLUSION

For the reasons stated above, the Court finds that the debtor's request for a preliminary injunction should be denied and that Litton's application for an order confirming that no stay went into effect should be granted.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**